Wilkins v. NCNB Tex Mtg Corp 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-210-CV

     JERRY WILKINS AND FONDA WILKINS,
                                                                                              Appellants
     v.

     NCNB TEXAS MORTGAGE CORPORATION
     AND ROBERT FRAPPIER,
                                                                                              Appellees
 

From the 333rd District Court
Harris County, Texas
Trial Court # 90-66075
                                                                                                    

O P I N I O N
                                                                                                    

      This case arose out of an attempted foreclosure by Appellees of a real estate vendor's lien
note, secured by a deed of trust, said note and deed of trust having been executed by Appellants.
      On June 30, 1983, Appellants Jerry and Fonda Wilkins purchased a house located in Harris
County, Texas. In connection with that purchase, they executed a real estate lien note and deed
of trust in favor of North American Mortgage Company ("North American") securing the Wilkins
mortgage on that property. Said note had an original interest rate of 12.375% per annum with said
interest to vary every five (5) years according to:
"For the mean average of the Federal National Mortgage Association's fixed rate sixty
(60) day mandatory price as published by FNMA as of the last business day that each of
the five (5) calendar years preceding such change date."

The Wilkins allege that in violation of the foregoing, at the expiration of the original five (5) year
term, on or about July 1, 1988, the interest rate should have been adjusted to 11.069%. Instead,
the Wilkins allege North American (not a defendant in this case) and not NCNB Texas Mortgage
Corporation ("NCNB"), adjusted the interest rate to 11.5%. 
      Appellants' promissory note was subsequently purchased by Fundamental Mortgage
Corporation ("Fundamental"). The Wilkins' last payment on the note was to Fundamental on
November 3, 1990. NCNB acquired the servicing rights to the note on October 13, 1990. NCNB
never posted any payment from Appellants, was not the servicer in 1988, and has never been the
owner of the note.
      The Wilkins originally filed this suit against NCNB and Robert Frappier alleging usury and
fraudulent concealment of interest miscalculation on the note securing the purchase of the Wilkins'
home. As stated before, NCNB held the servicing rights to the note, and Frappier was the
substitute trustee of the deed of trust who attempted to foreclose upon the Wilkins' property. 
Appellees NCNB and Frappier counterclaimed seeking foreclosure upon the subject real estate.
      Trial was to the court without a jury which, in effect, held that Plaintiff-Appellants (Mr. and
Mrs. Wilkins) take nothing by their suit, and that Defendant-Appellee NCNB recover actual
damages against Plaintiff-Appellants in the amount of $217,256.81, and further that NCNB have
foreclosure of the lien on the subject real estate. From this judgment the Wilkins appeal upon ten
points of error. We overrule all of Appellants' points and contentions and affirm the trial court's
judgment.
      The trial court made findings of fact and conclusions of law as follows:

FINDINGS OF FACT
 
      1.   Any finding of fact that is a conclusion of law shall be construed to be a finding
of fact and any conclusion of law which is called a finding of fact will be
construed to be a conclusion of law.
 
      2.   Neither NCNB Texas Mortgage Corporation nor Robert Frappier charged Jerry
Wilkins or Fonda Wilkins any usurious amount of interest.
 
      3.   Neither NCNB Texas Mortgage Corporation or Robert Frappier knowingly
made any material misrepresentations to Jerry Wilkins or Fonda Wilkins.
 
      4.   There was no detrimental reliance by Jerry Wilkins or Fonda Wilkins on any
material misrepresentation made by NCNB Texas Mortgage Corporation or
Robert Frappier.
 
      5.   No damages were sustained by Jerry Wilkins or Fonda Wilkins.
 
      6.   NCNB Texas Mortgage Corporation did not commit any fraudulent acts against
either Jerry Wilkins or Fonda Wilkins.
 
      7.   NCNB Texas Mortgage Corporation is entitled to collect under the terms of the
promissory note signed by Jerry Wilkins and Fonda Wilkins.
 
      8.   There was a material default under the terms of the promissory note signed by
Jerry Wilkins and Fonda Wilkins.
 
      9.   Jerry Wilkins and Fonda Wilkins jointly and severally are indebted to NCNB
Texas Mortgage Corporation in the amount of $217,256.81.
 
      10. The causes of action as asserted in Plaintiff's fourth amended application for
injunction, claim for usury, and fraud against Defendant Robert Frappier are
groundless, they have no basis in law, or in fact, and are not warranted by good
faith argument for the extension, modification, or reversal of existing law.
 
      11. At the trial of this cause of action, Plaintiffs herein introduced no credible
evidence to support any of the allegations in their pleadings against Defendant
Robert Frappier.
 
      12. Good cause does exist for the award of sanctions against Plaintiff's counsel
Wilfried P. Schmitz in the amount of $1,500.00 under Rule 13 of the Texas
Rules of Civil Procedure, and an award of lesser sanctions would be inadequate.
 
      13. Plaintiffs' counsel Wilfried Schmitz admitted that Plaintiffs had no cause of
action against Defendant Robert Frappier.
 
      14. The court does find that the sum of $1,500.00 is a reasonable sanction for
Wilfried P. Schmitz to pay to Robert Frappier for violation of Rule 13 of the
Texas Rules of Civil Procedure.
 
      15. Wilfried P. Schmitz failed to comply with this court's order of December 18,
1992. He failed to timely exchange exhibits and he failed to timely object to
exhibits as required by that order.
 
      16. Wilfried P. Schmitz's failure to comply with this court's order of December 18,
1992, is without cause, substantial justification, or excuse.
 
      17. The court does find that due to Wilfried P. Schmitz's abuse of the discovery
process by failing to comply with this court's order of December 18, 1992,
sanctions are warranted, no circumstances exist that would make an award of
expenses unjust, and an award of lesser sanctions would be inadequate.
 
      18. The court does find that $500.00 is a reasonable sum for Wilfried P. Schmitz
to pay to NCNB Texas Mortgage Corporation for his failure to comply with this
court's order regarding discovery.

CONCLUSIONS OF LAW
 
      19. Neither NCNB Texas Mortgage Corporation nor Robert Frappier made any
usurious charge to Jerry Wilkins and Fonda Wilkins.
 
      20. Jerry Wilkins and Fonda Wilkins' claims, if any, are barred by the applicable
statute of limitations.
 
      21. Neither Jerry Wilkins nor Fonda Wilkins have prevailed on any claim that
would allow recovery of attorneys' fees.
 
      22. The court finds that there was no usury.
 
      23. The court finds that there was no credible proof of any damages on behalf of
Jerry Wilkins and/or Fonda Wilkins.
 
      24. The court finds that Plaintiffs' claims against Robert Frappier were frivolous.
 
      25. The court does conclude the sanctions against Wilfried P. Schmitz, pursuant to
Rule 13 and 215 of the Texas Rules of Civil Procedure, were justified under the
circumstances in this case.
 
      26. The court does conclude counter-plaintiff NCNB Texas Mortgage Corporation
has a valid lien and is entitled to foreclosure of that valid lien on the following
described property:
 
                  Lot Thirty (30) in Block Ninety-Two (92), of Brook Forest, Section
Three (3), an Addition in Harris County, Texas, according to the map
or plat thereof recorded in Volume 232, Page 127, of the Map Records
of Harris County, Texas, save and except 120 square feet, being more
particularly described by metes and bounds in Exhibit "A", attached
hereto and incorporated herein for all purposes.
 
      27. The court does conclude that lien is set forth in a certain deed of trust recorded
in the real property records of Harris County, Texas, under Harris County
Clerk's file No. JO30047, being recorded as film code No. XXX-XX-XXXX
through XXX-XX-XXXX.
 
      28. The court does conclude it is appropriate for an order of sale to issue to any
sheriff or constable in the State of Texas to seize and sell the property securing
the lien the same as under execution in satisfaction of judgment. 

      Appellants assert in their first point of error that the trial court erred in refusing to recognize
the Wilkins' cause of action for usury. We do not agree.
      Appellants admit that the interest rate charged does not exceed the statutory usury rate, but
nevertheless, constitutes usury because (they say) the rate exceeds the amount provided by the
note. Appellants contend that this constitutes "contractual usury" as opposed to "statutory usury." 
However, Appellants cite no authority to support this contention, and we have found none. We
therefore hold that there is no usury in the case.
      Moreover, Appellants pleaded that the incorrect adjustment of their interest rate took place
July 1, 1988, a time more than two years before Appellee NCNB became servicer of the loan. 
Therefore, there is no basis by which Appellants can attack the evidentiary support for the court's
finding. In other words, NCNB was not involved in the transaction in 1988.
      Additionally, usury claims are restricted to the immediate parties to the transaction alleged
to create the usury. Our Supreme Court in Houston Sash & Door Co. v. Heaner, (Tex. 1979) 577
S.W.2d 217 at page 222 says: " . . . . Since statutes of a penal nature are to be strictly construed,
the penalty forfeitures provided in Article 5069-1.06 are restricted to the immediate parties to the
transaction creating the usury defense." (Italics ours).
      In the case at bar, the immediate parties to the loan transaction which Appellants contend
gives rise to the usury claim were the Wilkins and North American Mortgage. At the time of the
alleged usurious charge, the note was owned and serviced by Fundamental. Appellee NCNB later
became the servicer of the note. NCNB was not an immediate party to the loan transaction;
therefore, the Wilkins' usury claims against NCNB must fail. Appellants' first point of error is
overruled.
      Appellants' points nine and ten assert the trial court erred when it found against the Wilkins'
fraud claim because (they contend) the evidence was legally conclusive or, in the alternative, such
finding was against the great weight and preponderance of the evidence.
      The elements of fraud are a material misrepresentation, which was false, and which was either
known to be false when made or was asserted without knowledge of the truth, which was intended
to be acted upon, which was relied upon, and which caused injury. DeSantis v. Wackenhut, (Tex.
1990) 793 S.W.2d 670, 688, 689; Stone v. Lawyers Title Ins. Corp., (Tex. 1977) 554 S.W.2d
183, 185. To prove common law fraud, the claimants have the burden of establishing all of the
hereinabove enumerated elements of fraud.
      We have carefully examined the record, and are unable to find any evidence that Appellants
ever relied upon any misrepresentation on the part of Appellees, or that Appellants ever suffered
damages or injury as a result of such reliance. There is no evidence of reliance because NCNB
entered the transaction seven years after the note was signed and two years after the alleged usury. 
We overrule Appellants' ninth and tenth points of error.
      Appellants' points two through four contend the trial court erred when it found in favor of
NCNB's counterclaim because the evidence is legally or, in the alternative, factually insufficient
to support these findings, and NCNB was not the holder of the note. By Appellants' fifth point
of error it is contended the trial court abused its discretion because such evidence was hearsay and
probably caused the rendition of improper judgment. Point of error six asserts the trial court erred
when it modified the time to make hearsay objections in its docket control order.
      NCNB's counterclaim sought collection on the note and foreclosure under the deed of trust. 
Appellants made hearsay objections to the introduction of the note and deed of trust, which
objections were overruled by the trial court. We are unable to see how the note and deed of trust
could be hearsay, particularly since both instruments were executed by Appellants.
      NCNB alleged it was authorized to collect sums due under the note by virtue of its servicing
agreement with the owner of the note. Appellants now raise for the first time on appeal that
NCNB Texas Mortgage Corporation failed to establish it was the holder of the note. They failed
to affirmatively plead under Rules 93 or 94, Texas Rules of Civil Procedure, that there was a
defect in the parties or that NCNB was not able to maintain suit in the capacity which it had
asserted. Rule 93(2), Texas Rules of Civil Procedure, requires that a verified pleading be filed
any time the record does not affirmatively demonstrate the plaintiff's or defendant's right to sue
or be sued in whatever capacity he is suing or being sued. Pledger v. Schoelkoph, (Tex. 1988)
762 S.W.2d 145. On its counterclaim, NCNB alleged it was contractually entitled to receive all
monies due under the note. That allegation was uncontroverted by Appellants. The note in
question is owned by Fundamental Mortgage, but NCNB is contractually obligated to collect and
properly process the payments.
      The Wilkins admitted they had signed the promissory note in question and had not made a
payment on it in more than thirty (30) months. NCNB did not rely on hearsay to establish its
counterclaim. It relied upon its records, the testimony of the plaintiffs, and the testimony of Mr.
Robert Thornton, one of its authorized representatives.
      We have carefully considered Appellants' remaining points of error, and overrule all of same
as being without merit.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed August 17, 1994
Do not publish