COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOSEFA GONZALEZ, IRENE
GONZALEZ,      )

JOSE GONZALEZ, and GONZALEZ                  )

FAMILY, L.P.,                                                     )

                                                                              )

Appellants,                         )

                                                                              )

v.                                                                           )

                                                                              )

GREYHOUND LINES, INC., CRAIG
R.             )

LENTZSCH, JACK W. HAUGSLAND,
             )

JEFF W. SANDERS, FREDERICK
F.                 )             
No.  08-04-00033-CV

RICHARDS, MARK E. SOUTHERST,
               )

FLOYD HOLLAND, RICHARD J.
CALEY,       )                 Appeal from the

LINDA CHAVEZ, AL A. MEITZ,
FRANK L.     )

NAGEOTTE, ALFRED E. OSBORNE,
JR.,         )               205th District
Court

STEPHEN M. PECK, THOMAS G.                     )

PLASKETT, ERNEST P. WERLIN,
CHRIS        )          of El Paso County,
Texas

ENSERBERGER, Directors, LUIS
VENEGAS,    )

MAL ACOSTA, TONY PERALTA,                    )                (TC# 2003-3058)

NORBERTO HERNANDEZ, NICK
FLORI,       )

VAN BROWN, CHARLES BROWN,                 )

ALFONSO PENEDO, Indiv. and
As President     )

of SISTEMA INTERNACIONAL DE                  )

TRANSPORTE DE AUTOBUSES,
INC., and     )

SISTEMA INTERNACIONAL DE                      )

AUTOBUSES, INC.,                                            )

                                                                              )

Appellees.                          )

                                                                              )

 

 

O
P I N I O N

 








Appellants Josefa
Gonzalez, Irene Gonzalez, Jose Gonzalez, and Appellant Gonzalez Family L.P.
appeal the trial court=s
order dismissing for lack of subject matter jurisdiction their suit against
Appellees Greyhound Lines, Inc. (AGLI@), Sistema Internacional de Transporte
de Autobuses, Inc. (ASITA@), and other named defendants.  Appellants argue on appeal that the trial
court erred in granting the defendants=
plea to the jurisdiction and dismissing the case.  Because jurisdictional evidence showed that
Appellants lack standing to sue, we conclude the trial court did not err in
determining it lacked subject matter jurisdiction and therefore, we affirm the
trial court=s order.








On July 21, 2003,
Appellant Gonzalez Family L.P. and Appellants Josefa Gonzalez, Irene Gonzalez,
Jose Gonzalez, as limited partners in Gonzalez Family, L.P., filed suit against
GLI, SITA, and other named defendants,[1]
who included the directors of GLI, various GLI terminal managers, and the
president of SITA, individually and as president of SITA.  In their petition, the Appellants alleged
that over the course of twenty years the Gonzalez family had built a prosperous
and expanding interstate bus service company, Gonzalez, Inc. d/b/a Golden
State, which had yearly sales of approximately nine million dollars.  According to the petition, Appellant Gonzalez
Family, L.P. held the controlling stock interest in Golden State.  In 1998, the president of GLI approached the
Gonzalez family to purchase controlling stock in Golden State.  SITA, GLI=s
wholly owned non-carrier holding company, acquired the controlling stock
interest in Golden State.  Appellants
alleged that soon thereafter the defendants began diverting Golden State
customers in El Paso to GLI and GLI subsidiaries=
facilities.  Appellants claimed that
these actions Aresulted
in interference and depreciation of [their] real estate in El Paso, TX as well
as in the depreciation of Golden State=s
assets.@  The Appellants alleged that similar acts
occurred in other cities as well and they further complained that Gonzalez
family members were wrongfully removed from their respective managerial
positions.  The Appellants further
alleged that the defendants acquired Golden State=s
customers and assets with the intent to eliminate and bankrupt the now-defunct
Golden State.  In their petition, the
Appellants asserted the following causes of action inter alia against
the defendants: civil conspiracy, conspiracy in restraint of trade, fraudulent
transfer, breach of fiduciary duty, fraud, fraudulent inducement, statutory
fraud, wrongful interference with prospective contractual or business
relations, member oppression, and unjust enrichment.








On September 12,
2003, Appellees GLI and SITA separately filed pleadings containing a plea to
the jurisdiction, subject to a suggestion of bankruptcy, plea in bar, plea in
abatement, and subject to original answer, verified denials and pleas, and
affirmative defenses.[2]  The Appellees who were represented by the
same counsel argued inter alia that the trial court lacked subject
matter jurisdiction because the alleged causes of action were owned by the
debtor, Golden State Transportation, and therefore were a part of the
bankruptcy estate which was under the continuing exclusive jurisdiction of the United
States Bankruptcy Court in Arizona.  As
such, Appellees argued, Appellant=s
claims as equity owners were barred by the bankruptcy automatic stay and the
Appellants  also lacked standing to sue
on their own.  Appellees also argued that
Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez lacked standing
and legal authority to assert claims for and on behalf of Appellant Gonzalez
Family, L.P. because they are limited partners in that limited partnership, which
could only sue through its general partner, who was not identified as a
plaintiff in the petition.  Moreover,
Appellees asserted that regardless, AGonzalez
Family, L.P.@ did not
have standing to sue because the only limited partnership that arguably owned
any interest in Golden State was a different entity--a limited partnership with
a different name:  AFrancisco and Josefa Gonzalez Family
Partnership, L.P.@

Appellees each
attached the Stock Purchase Agreement as an exhibit to their pleas.  Pursuant to this Agreement, entered on
September 24, 1997 between SITA, Golden State, and Francisco and Josefa
Gonzalez Family Partnership, L.P. and its partners,  Francisco and Josefa Gonzalez Family
Partnership, L.P. sold to SITA 41.2 percent of its common stock in Golden State
for 4.1 million dollars.  Under the
Agreement SITA also acquired from Golden State an additional 4,800 shares of
newly issued shares of common stock for 2 million dollars.  Francisco Gonzalez, Trustee for the Francisco
and Josefa Gonzalez Trust, executed the Agreement on behalf of the seller
Francisco and Josefa Gonzalez Family Partnership, L.P.

In response to the
plea to the jurisdiction, Appellants informed the trial court that Appellees
GLI and SITA had filed an adversary proceeding for injunctive relief in the
pending Chapter 11 bankruptcy case for Gonzalez, Inc. d/b/a Golden State in the
Arizona Bankruptcy Court, alleging that Appellants=
instant state court lawsuit asserted claims that were the property of the
Golden State bankruptcy estate, and as such was litigation that violated the
automatic stay under 11 U.S.C. '
362.  Appellants argued that the trial
court had jurisdiction of their asserted claims until the Bankruptcy Court
determined whether to impose a stay upon them in the pending adversary
proceeding.  Appellants also argued that
the lawsuit should be abated if the Bankruptcy Court determined that the stay
was applicable.








On October 2,
2003, the trial court held its first hearing on the Appellees= plea to the jurisdiction.  At the hearing, Appellees contended that
Gonzalez Family L.P. was not the same entity as Francisco and Josefa Gonzalez
Family Partnership, L.P., that the correct partnership and its general partner
were not named in the lawsuit, and that all the causes of action asserted
belonged to Golden State or were derivative claims which only a shareholder
could bring after fulfilling certain statutory requirements.  After hearing counsels=
arguments, the trial court decided to continue the hearing until after the date
of the injunction proceeding in the Bankruptcy Court.








On November 20,
2003, the trial court held a second hearing on the Appellees= plea to the jurisdiction.[3]  At the hearing, the trial court was informed
that the Bankruptcy Court in Arizona had enjoined the majority of the causes of
action asserted in Appellants=
state court lawsuit with the exception of Appellants=
causes of action for fraud, fraudulent inducement, and statutory fraud, and the
wrongful termination claim contained with their alleged member oppression
claim.  Appellees maintained their
contention that the trial court lacked jurisdiction to hear even the remaining
non-estate causes of actions because the Appellants were not the proper
plaintiffs and therefore lacked standing to sue them.  Appellees again argued that the purported
limited partnership was not correctly named, was not the same limited
partnership as that listed in the Stock Purchase Agreement, and that the
Gonzalezes listed as plaintiffs in the case did not have standing to sue in the
capacities they alleged.  In response,
Appellants argued that they had individual standing to bring the suit because
they had alleged a direct injury caused by the defendants= wrongful conduct.  Appellants also argued that the issue of
their capacity to sue was not jurisdictional. 
After the hearing, the trial court granted Appellees= plea to the jurisdiction and dismissed
the case for want of jurisdiction.

In a single issue,
Appellants argue that the trial court erred in granting Appellees= plea to the jurisdiction because their
non-estate causes of action were not barred by the Bankruptcy Court=s automatic stay and they had alleged
facts that affirmatively demonstrated the trial court=s
subject matter jurisdiction over the entire case.  Appellants also assert that with respect to
Appellant Gonzalez Family, L.P., the alleged pleading defect in the plaintiff
name and the absence of the general partner as a plaintiff involved the issue
of the limited partnership=s
capacity to sue, not the issue of its standing. 
In addition, Appellant argue that any alleged pleading defect could have
been cured by amendment of the pleadings.

Standard
of Review

A plea to the
jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of
action without regard to whether the claim asserted has merit.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  A party may
challenge a court=s subject‑matter
jurisdiction by filing a plea to the jurisdiction.  Tex. Dep=t
of Transp. v. Jones, 8 S.W.3d 636, 638‑39 (Tex. 1999).  Whether the trial court has subject matter
jurisdiction is a question of law which we examine under a de novo standard
of review.  See Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).








The plaintiff has
the burden to allege facts that affirmatively show the trial court=s jurisdiction to hear the case.  Tex. Dep=t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  The purpose of the plea is not to force a
plaintiff to preview his case on the merits, but rather to establish a reason
why the merits of the plaintiff=s
claims should never be reached.  Blue,
34 S.W.3d at 554.  We construe the
pleadings liberally in favor of jurisdiction and look to the pleader=s intent.  See Texas Ass=n of Business v. Texas Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993).  When a
plaintiff fails to plead facts that establish jurisdiction, but the petition
does not affirmatively demonstrate incurable defects in jurisdiction, the issue
is one of pleading sufficiency, and the plaintiff should be afforded the
opportunity to amend.  County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiff an opportunity to amend.  Id. 
A court deciding a plea to the jurisdiction, however, is not required to
look solely to the pleadings, but may consider evidence and must do so when
necessary to resolve the jurisdictional issues raised.  Blue, 34 S.W.2d at 555.

First, we turn to
the question of whether the Appellants had standing to maintain their suit
against the defendants.  To determine
whether Appellants affirmatively demonstrated the trial court=s jurisdiction to hear the case, we
consider the facts alleged in their petition, and any evidence submitted to the
trial court which is pertinent to the jurisdictional issue.  See Tex. Natural Res. Conservation Comm=n v. White, 46 S.W.3d 864, 868
(Tex. 2001).








Standing is a
component of subject matter jurisdiction, which we consider under the same
standard by which we review subject matter jurisdiction generally.  Tex. Ass=n
of Bus., 852 S.W.2d at 445-46.  A
party has standing if it has a justiciable interest in the suit or a personal
stake in the controversy.  See
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661
(Tex. 1996); Tex. Ass=n
of Bus., 852 S.W.2d at 444.  In
contrast, a party has capacity when it has the legal authority to act, whether
it has standing or not.  See Nootsie,
Ltd., 925 S.W.2d at 661.  A challenge
to who owns a claim raises the issue of capacity, not standing, and therefore
does not implicate the trial court=s
subject matter jurisdiction.  See
Nootsie, Ltd., 925 S.W.2d at 662; Pledger v. Schoellkopf, 762 S.W.2d
145, 145-46 (Tex. 1988)(per curiam).

Appellees asserted
in their plea to the jurisdiction that Appellants Josefa Gonzalez, Irene
Gonzalez, and Jose Gonzalez, as limited partners in Appellant Gonzalez Family,
L.P., lacked standing and capacity to assert its claims on behalf of that
entity.  Appellees also argued that Appellant
Gonzalez Family, L.P. had no standing to sue because it was not the same
limited partnership that had sold a controlling interest in Golden State
pursuant to the Stock Purchase Agreement. 
As jurisdictional evidence, Appellant admitted the Stock Purchase
Agreement, which showed only Francisco and Josefa Gonzalez Family Partnership,
L.P. and Golden State as the sellers of stock in Golden State to SITA.  The agreement also listed the following
individuals as [limited] partners in Francisco and Josefa Gonzalez Family
Partnership, L.P.:  Antonio Gonzalez,
Francisco Gonzalez, Josefa Gonzalez, Enrique Gonzalez, Jose Gonzalez, Ismael
Gonzalez, and Irene Gonzalez.








In the original
petition, Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez only
identified themselves as Athe
limited partners@ in
Gonzalez Family, L.P., an entity which they alleged held the stock interest in
Gonzalez Inc., d/b/a Golden State.  The
three remaining causes of action designated as non-estate causes of action,
that is, not subject to the Bankruptcy Court automatic stay were: fraud,
fraudulent inducement, statutory fraud, and the wrongful termination claim
under the member oppression allegation. 
In their petition, Appellants alleged that the defendants had committed
fraud and fraudulent inducement by making material representations without
which Appellants would never have sold stock in Golden State to Greyhound
and/or its subsidiaries.  Alternatively,
Appellants alleged that the defendants had committed statutory fraud as defined
in Tex.Bus.&Com.Code Ann. ' 27.01.[4]  In their member oppression claim, Appellants
alleged that the defendants had committed member oppression inter alia
by wrongfully terminating Appellants from their management positions and by
fraudulently mismanaging Golden State to their detriment.[5]

Standing
of Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez








On appeal,
Appellants assert that Appellants Josefa Gonzalez, Irene Gonzalez, and Jose
Gonzalez had standing to sue the defendants in their capacities as individual
plaintiffs, and therefore, the trial court had subject matter jurisdiction over
the case.  However, it is evident from
Appellants= petition
that Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez expressly
sued in their capacities as limited partners in the named limited partnership,
Gonzalez Family, L.P., not in their individual capacities, and thus, intended
to bring a derivative action on behalf of the limited partnership.[6]  While we observe that Josefa Gonzalez, Irene
Gonzalez, and Jose Gonzalez were named in the stock purchase agreement, their
status in the underlying transaction was as limited partners, not as individual
sellers.  Thus, their standing to sue
with respect to that stock transaction between Francisco and Josefa Gonzalez Family
Partnership, L.P. and SITA exists by virtue of their status as limited partners
in that entity, which was not named as a party-plaintiff in their lawsuit.  Despite Appellants=
contention that the named individuals intended to plead personal actions against
the defendants, their pleading clearly negates that purported intention.

Standing
of Appellant Gonzalez Family, L.P.

We next consider
whether Appellants= pleading
and the admitted jurisdictional evidence showed that Appellant Gonzalez Family,
L.P. had standing to sue the defendants. 
Appellants argue that alleged pleading defects of incorrectly naming the
limited partnership and failure to have the general partner bring the lawsuit,
at most went to the question of capacity to sue, not standing.  Further, Appellants assert that these alleged
defects could have been cured by amendment of the pleadings to confer subject
matter jurisdiction on the trial court. 
We disagree.








By verified
denial, Appellees asserted a defect in the plaintiff-parties pursuant to Tex.R.Civ.P. 93(4).  In their plea to the jurisdiction, Appellees
contended that Appellant Gonzalez Family, L.P. had no standing to sue because
it was not the same limited partnership listed as seller of the controlling
interest in Golden State stock in the stock purchase agreement.  We note that Appellants argued at the
hearings that Appellant Gonzalez Family, L.P. was the correct plaintiff,
however, there is nothing in the record that indicates it was the same limited
partnership that was represented in the Stock Purchase Agreement.  Rather, the jurisdictional evidence presented
established that there were only two sellers of Golden State stock, Francisco
and Josefa Gonzalez Family Partnership, L.P.

Under Texas law,
there is a distinction drawn between misnomer and misidentification, with
particular consequences for tolling of limitations.  See Enserch Corp. v. Parker, 794
S.W.2d 2, 4‑5 (Tex. 1990). 
Misnomer occurs where the plaintiff misnames either itself or the
correct defendant, but the correct parties are involved.  Id. 
Misidentification, on the other hand, occurs when two separate legal
entities with similar names actually exist and the plaintiff sues the wrong one
because he is mistaken about which entity is the correct defendant.  Chilkewitz v. Hyson, 22 S.W.3d 825,
828 (Tex. 1999); Enserch Corp., 794 S.W.2d at 4‑5.  While the alleged pleading defect may well be
a case of misnomer, the jurisdictional evidence standing alone indicates that a
separate legal entity other than AGonzalez
Family, L.P.@ was the
limited partnership involved in the stock transaction.  As such, we conclude that Appellant Gonzalez
Family, L.P. lacked standing to sue the defendants.  Since the Appellants collectively lacked
standing to sue the defendants in their lawsuit, their petition could not be
amended to confer subject matter jurisdiction on the trial court.  We overrule Appellant=s
sole issue on appeal.

For the reasons
stated above, we affirm the trial court=s
order of dismissal.

 

August
4, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
Appellants brought suit against twenty-six defendants.  At the time of the hearings on the plea to
the jurisdiction, not all of the defendants had been served.  Appellees are those defendants that were
served with process and appeared in the trial court.





[2]
Appellees filed virtually identical pleadings. 
Their pleadings also contained a verified denial as to a defect in
parties-Plaintiffs pursuant to Tex.R.Civ.P.
93(4).





[3]
Four additional named defendants, Tony Peralta, Van Brown, Craig Lentzsch, and
Mark Southerst, appeared and were represented by the same counsel as Appellees
at the November 20 hearing.  As already
noted, all the Appellees filed virtually identical pleas to the jurisdiction.





[4]
Section 27.01 of the Texas Business and Commerce Code establishes a statutory
cause of action for fraud in transactions involving real estate or stock in a
corporation or joint stock company.  See
Tex.Bus.&Com.Code Ann. ' 27.01(a)(Vernon 2002).  The statute provides that a false
representation of a past or existing material fact constitutes fraud when it is
made to a person for the purpose of inducing that person to enter into a
contract and it is relied upon by that person in entering into that
contract.  See id.  In addition, a false promise to do an act
constitutes fraud when the false promise is material, is made with the
intention of not fulfilling it, made to a person for the purpose of inducing
that person to enter into a contract, and relied on by that person in entering
that contract.  See id.





[5]
A member oppression claim may exist when: 
(1) a majority shareholder=s
conduct substantially defeats the minority=s
expectations that objectively viewed, were both reasonable under the
circumstances and central to the minority shareholder=s
decision to join the venture; or (2) burdensome, harsh, or wrongful conduct, a
lack of probity and fair dealing in the company=s
affairs to the prejudice of some members, or a visible departure from the
standards of fair dealing, and a violation of fair play on which every
shareholder who entrusts his money to a company is entitled to rely.  Pinnacle Data Services, Inc. v. Gillen,
104 S.W.3d 188, 196 (Tex.App.--Texarkana 2003, no pet.); see also Davis v.
Sheerin, 754 S.W.2d 375, 381‑82 (Tex.App.--Houston [1st Dist.] 1988,
writ denied); see also Tex.Bus.Corp.Act
Ann. art. 7.05 (Vernon 2003)(court may appoint a receiver for the assets
and business of a corporation when the 
acts of the directors or those in control of the corporation are
illegal, oppressive, or fraudulent).





[6]
A limited partner may bring a derivative action on behalf of a limited
partnership.  See  Tex.Rev.Civ.Stat.Ann.
art. 6132a‑1, '
10.01 (Vernon Supp.2004-05).  However,
the statute requires that the petition, set forth with particularity the effort
made to secure initiation of the action by a general partner or the reason for
not making the effort.  See Tex.Rev.Civ.Stat.Ann. art. 6132a‑1,
' 10.03.