ACCEPTED
14-16-00962-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/14/2018 1:36 PM
CHRISTOPHER PRINE
CLERK



1221 McKinney Street, Suite 4500 | Houston, Texas 77010
Phone 713.951.3700 | Fax 713.951.3720
www.beckredden.com

CHAD FLORES
BOARD CERTIFIED ♦ CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
Direct (713) 951-6268
cflores@beckredden.com
5/14/2018 1:36:00 PM
CHRISTOPHER A. PRINE
Clerk

May 14, 2018

Re:   No. 14-16-00962-CV; *Jang Won Cho v. Kun Sik Kim, et al.*; In the
      Fourteenth Court of Appeals of Texas at Houston

Christopher A. Prine, Clerk
Fourteenth Court of Appeals
301 Fannin Street
Houston, TX 77002

Dear Mr. Prine:

Please distribute this letter to Justices Boyce, Donovan, and Wise.  It addresses two issues regarding the Court's consideration of this appeal.

First, the Court should be advised of the sad news that, after this appeal was fully briefed and argued, Appellee Mr. Kun Sik Kim died.  Texas Rule of Appellate Procedure 7.1 provides that, in this situation, the Court should proceed to decide the case "as if all parties were alive":

> (1) Civil Cases. If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

Tex. R. App. P. 7.1(a)(1).  Mootness is not an issue because of the property rights being adjudicated, and since Mr. Kim's legal successor is represented by counsel for the Appellees, Mr. Kristopher Ahn, any transitional matters in need of attention can be addressed by both sides in the trial court after the appeal's conclusion.

Second, the Court should reject the "standing" argument Mr. Cho's letter brief presents at great length. In this respect, Appellees maintain their position about standing versus capacity—that Mr. Cho's argument concerns "capacity" and not "standing" because of authorities such as *Vertical North America, Inc. v. Vopak Terminal Deer Park, Inc.*, No. 14-15-01088-CV, 2017 WL 4197027 (Tex. App.— Houston [14th Dist.] Sept. 21, 2017, no pet. h.) (mem. op.), and *Pledger v. Schoellkopf*, 762 S.W.2d 145 (Tex. 1988). *See* Br. of Appellees at 43 ("the kind of capacity problem Mr. Cho suggests . . . would have to have been pressed in a verified denial, which it was not"). In addition to that ground for decision, there is a simpler way to deal with this argument.

Mr. Cho's letter correctly concedes the rule that standing exists if a plaintiff is "personally aggrieved" because a "wrongdoer violates a duty . . . owing directly by him to the [plaintiff] stockholder." Appellant's March 16, 2018 Letter at 4. That is this case. Because Mr. Cho's primary wrongdoing breached fiduciary duties that he owed the Plaintiffs directly—not just by virtue of corporate structure—the invoked "standing" limitation does not apply. *See* Br. of Appellees at 43 ("Mr. Cho's wrongdoing injured the Plaintiffs directly." (citing *Saden v. Smith*, 415 S.W.3d 450, 463 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("A shareholder may nevertheless recover damages 'for wrongs done to him individually' when he pleads and proves that the defendant has violated a duty that he owed the shareholder, which arises from contract or otherwise."))). By rejecting the tardy "standing" argument on this groun, the Court can avoid an unnecessary foray into the standing-versus-capacity debate.

Sincerely,

Chad Flores

Mr. Christopher A. Prine, Clerk
Page 3

# Certificate of Service

I hereby certify that on May 14, 2018, a true and correct copy of the above and foregoing letter was forwarded to all counsel of record, by the Electronic Filing Service Provider as follows:

Alfred R. Valdez
State Bar No. 20426200
arbudvaldez@gmail.com
The Law Office of Alfred R. Valdez
7520 Hillcroft Street
Houston, TX 77081

Andrew H. Whang
andrewwhang02@yahoo.com
Andrew Whang & Associates, LLC
9999 Bellaire Blvd., Suite 360
Houston, TX 77036

James C. Marrow
State Bar No. 24013103
jmarrow@hoganfirm.com
Richard P. Hogan, Jr.
State Bar No. 09802010
rhogan@hoganfirm.com
Jennifer Bruch Hogan
State Bar No. 03239100
jhogan@hoganfirm.com
Hogan & Hogan
711 Louisiana, Suite 500
Houston, TX 77002

Chad Flores