Absebeth DUKE, Appellant,

v.

**BROOKSHIRE GROCERY COMPANY dba Brookshire Food Store, Appellee.**

No. 8575.

Court of Civil Appeals of Texas, Texarkana.

July 11, 1978.

push cart loaded with eggs being delivered to the store by Ben Gibson, an employee of Gregg Poultry & Egg Company. Subsequent to the injury, on the 26th of November, 1975, Ms. Duke settled her claim for damages against Gregg Poultry & Egg Company and Ben Gibson for the sum of $17,500.00, and she executed a release which provided in part as follows:

"RELEASE IN FULL OF
ALL CLAIMS

"FOR AND IN CONSIDERATION of the payment to Absebeth Duke of the sum of Seventeen thousand five hundred No/100 Dollars ($17,500.00), the receipt of which is hereby acknowledged, I/we, being over 21 years of age, do hereby release, acquit and forever discharge any and all claims against Gregg Poultry and Egg and driver Ben Gibson and all other agents, servants, and employees of Gregg Poultry and Egg, and any other persons, firms or corporations of and from any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from an accident that occurred on or about the 17th day of June, 1975, at or near Longview, Texas.

.        .        .        .        .

"THE UNDERSIGNED UNDERSTANDS AND AGREES THAT THIS IS IN FULL SATISFACTION FOR ALL DAMAGES ARISING ON ACCOUNT OF THE ABOVE DESCRIBED ACCIDENT AND WILL RECEIVE NO FURTHER SUMS OF MONEY AND THAT THE UNDERSIGNED AGREES TO NOT ASSERT OR PROSECUTE ANY FURTHER CLAIMS OR LAWSUITS THEREFOR AGAINST ANYONE WHOMSOEVER, WHETHER OR NOT HEREIN OTHERWISE NAMED, DESCRIBED OR IDENTIFIED. ANY AND ALL CLAIMS AGAINST PARTIES NOT SPECIFICALLY RELEASED HEREIN, IF ANY, ARE HEREBY ASSIGNED IN FULL TO THE PARTIES HEREBY RELEASED.

.        .        .        .        ."

Lynn S. Patton, Fisher & Patton, Longview, for appellant.

Frank O. McClendon, III, Hathaway & Jackson, Tyler, for appellee.

CORNELIUS, Chief Justice.

Ms. Absebeth Duke appeals from a summary judgment rendered against her in her suit for damages against Brookshire Grocery Company.

Ms. Duke was injured while shopping in Brookshire's store when she was struck by a

Thereafter, on August 6, 1976, Duke filed suit against Brookshire seeking damages for the same injuries. Brookshire answered by general denial and, with leave of the court, filed a cross-action against Gregg Poultry and Gibson, alleging that Duke's injuries were caused solely by the negligence of Gibson. The cross-action sought full indemnity or, in the alternative, contribution from Gregg Poultry and Gibson should Brookshire be found liable to Duke. Gregg Poultry and Gibson answered the cross-action by general denial, and then filed a cross-action against Duke, contending that her action against Brookshire constituted a breach of the release agreement she executed in November of 1975. After some discovery was accomplished, Brookshire moved for summary judgment on the basis of the release, answers to certain interrogatories and affidavits. The motion was granted and a take-nothing judgment was rendered against Duke.

The district court's rendition of summary judgment denying Duke's claim for damages against Brookshire can only be sustained, under the record before us, if the instrument she executed precluded her maintenance of the suit against Brookshire, thus leaving no *material* issue of fact to be decided. Duke contends here that, as Texas no longer follows the unity of release rule, the instrument she executed, as a matter law, did not release Brookshire, but was effective to release only those tort feasors named therein, to-wit, Gregg Poultry and Gibson.

■ In *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971), our supreme court decided that the unity of release rule would no longer be followed in Texas, and that releases thereafter executed would be effective to release only those parties named or otherwise specifically identified therein. The instrument involved here provided that it released " . . . any and all claims against Gregg Poultry and Egg and driver

Ben Gibson and all other agents, servants, and employees of Gregg Poultry and Egg, *and any other persons, firms or corporations . . . ."* Brookshire is not named, and we hold that the phrase "and any other persons, firms or corporations" is only general identification at best, and does not fall within the term "otherwise specifically identified" as used in *McMillen v. Klingensmith,* supra. Consequently, the instrument was not effective to *release* Brookshire.

■ But the instrument goes further. It provides that, "Any and all claims against parties not specifically released herein, if any, are hereby assigned in full to the parties hereby released." It is the well settled rule in Texas that a cause of action for damages resulting from personal injuries may be sold or assigned, in whole or in part,[1] as can any other cause of action except those where assignments thereof are expressly prohibited by statute.[2] *Bradshaw v. Baylor University,* 126 Tex. 99, 84 S.W.2d 703 (1935); *Galveston, H. & S. A. Ry. Co. v. Ginther,* 96 Tex. 295, 72 S.W. 166 (1903); *Friedman v. Martini Tile & Terrazzo Company,* 298 S.W.2d 221 (Tex.Civ.App. Fort Worth 1957, no writ); *McCloskey v. San Antonio Traction Co.,* 192 S.W. 1116 (Tex. Civ.App. San Antonio 1917, writ ref'd); *Gulf, C. & S. F. Ry. Co. v. Eldredge,* 80 S.W. 556 (Tex.Civ.App. 1904, no writ); *Gulf, C. & S. F. Ry. Co. v. Miller,* supra; Annot., 40 A.L.R.2d 509. If the owner of a cause of action assigns all of his interest therein, parting with both the legal and the equitable title, he cannot bring suit thereon unless he does so, in a representative capacity and upon proper authority, for the owner of the claim. *Winn v. Ft. Worth & R. G. Ry. Co.,* 12 Tex.Civ.App. 198, 33 S.W. 593 (1896, no writ); 1 McDonald's Texas Civil Practice, Sec. 3.03.2; 1 Tex.Jur.2d Actions, Sec. 5, p. 509; 6 Tex.Jur.2d, Assignments, Sec. 51, p. 444. As such an assignor no longer owns any part of the claim, he lacks that justicia-

---

1. For a thorough history of the common law rule and the effect of the adoption of Tex.Rev. Civ.Stat.Ann. art. 5525 thereon, see *Gulf, C. & S. F. Ry. Co. v. Miller,* 21 Tex.Civ.App. 609, 53 S.W. 709 (1899, no writ).

2. As for example, claims for workers' compensation. Tex.Rev.Civ.Stat.Ann. art. 8306, Sec. 3.

ble interest which is necessary to maintain any action. Compare: *Hallman v. Safeway Stores, Incorporated,* 368 F.2d 400 (5th Cir. 1966); *Johnson v. Cofer,* 113 S.W.2d 963 (Tex.Civ.App. Austin 1938, no writ); *Amsler v. D. S. Cage & Co.,* 247 S.W. 669 (Tex.Civ.App. Beaumont 1923, no writ); *Gulf, C. & S. F. R. Co. v. Bartlett,* 75 S.W. 56 (Tex.Civ.App. 1903, no writ); *Winn v. Ft. Worth & R. G. Ry. Co.,* supra; 1 McDonald's Texas Civil Practice, Sec. 3.03.2. And although Brookshire is not a party to the assignment, it nevertheless is permitted to interpose it as a bar to Duke's maintenance of the suit, for it has the right to require that the action be maintained only by one who has a legitimate interest therein. See, for example, *East Texas Fire Ins. Co. v. Coffee,* 61 Tex. 287 (1884); *Gulf, C. & S. F. Ry. Co. v. Eldredge,* supra; *Winn v. Ft. Worth & R. G. Ry. Co.,* supra. Such a procedure does not allow a tort feasor to profit from his negligent act. Indeed, in a case such as this, where Brookshire has cross-actioned against Gregg Poultry and Gibson for indemnity and contribution, such an assignment might operate to the benefit of all concerned. *Bradshaw v. Baylor University,* supra. For without it, Gregg Poultry, which has paid damages satisfactory to the injured party, might be forced to pay additional sums if Duke recovers damages from Brookshire in excess of $17,500.00 and Brookshire then recovers indemnity against Gregg Poultry. On the other hand, no harm will be done if the assignment is enforced. Duke, who conceded in answers to interrogatories that there was no fraud, overreaching or wrongful conduct involved in taking the release and assignment, will have received what she obviously chose to accept as compensation for her injuries, and under Tex.Rev.Civ.Stat.Ann. art. 2212, Gregg Poultry will be able to recover indemnity or contribution if it establishes that Brookshire was partly or wholly responsible for the accident.

The assignment language in the release is sufficiently broad and explicit to divest all of Duke's interest in the cause of action and vest it in Gregg Poultry and Gibson. Consequently, the district court properly rendered summary judgment against Duke.

The judgment of the trial court is affirmed.