**R.L. PLEDGER, Petitioner,**

v.

**Hugo W. SCHOELLKOPF, Jr. and
Caroline Rose Hunt, Respondents.**

**No. C–7086.**

Supreme Court of Texas.

Dec. 7, 1988.

Rehearing Denied Jan. 25, 1989.

Mark S. Werbner, Carrington, Coleman, Sloman & Blumenthal, Dallas, for petitioner.

Ernest R. Higginbothan, P. Michael Jung & John H. McDowell, Strasburger & Price, Dallas, for respondents.

**PER CURIAM.**

This case concerns the questions of whether certain causes of action are individual causes of action or corporate causes of action, and whether a defendant is required to file a plea of verified denial under TEX.R.CIV.P. Rule 93(2) to contest a plaintiff's capacity to bring suit. The trial court rendered judgment against the defendants upon the jury findings of fraud, material misrepresentation, and tortious interference with a business relationship. The court of appeals determined that the claims here belonged to the corporation and that no verified denial was required. 739 S.W. 2d 914. We reverse the judgment of the court of appeals and hold that a verified denial should have been filed. We need not reach the question concerning to whom the causes of action belong.

The action before us was originally a cross-claim in a suit brought by MBank of Dallas against all other parties upon a guaranty agreement. Because Hugo Schoellkopf and Caroline Hunt (formerly Caroline Schoellkopf) settled MBank's entire claim, only the cross-claim is before us. The cross-claim is an action by R.L. Pledger against Hunt and Schoellkopf for fraud, tortious interference with a business relationship, and material misrepresentations. The jury found in favor of Pledger on all claims. The court of appeals reversed, holding that the causes of action brought by Pledger belonged to Midway Aircraft Sales, Inc., of which Pledger, Schoellkopf and Hunt are shareholders. Pledger, how-

**146**

ever, contends that Schoellkopf and Hunt waived their right to complain of his lack of capacity by failing to file a verified denial pursuant to Rule 93(2). That rule provides that "unless the truth of such matters appear of record," a pleading verified by affidavit must be filed where it is alleged "[t]hat the plaintiff is not entitled to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued." TEX.R.CIV.P. 93(2). The court of appeals rejected Pledger's argument, holding that Rule 93(2) applies only when a party is seeking recovery *in a representative capacity*. We hold that Pledger is entitled to recover in this case because of the failure of Schoellkopf and Hunt to comply with Rule 93(2). Schoellkopf and Hunt thereby waive their right to complain.

The court of appeals misconstrues the import of Rule 93(2) in limiting the rule's application to cases in which a plaintiff seeks recovery in a representative capacity. When capacity is contested, Rule 93(2) requires that a verified plea be filed anytime the record does not affirmatively demonstrate the plaintiff's or defendant's right to bring suit or be sued in *whatever* capacity he is suing. TEX.R.CIV.P. 93(2). Its application is not limited to cases of representative capacity only. The rule means just what it says.

We grant Pledger's application for writ of error and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals. TEX.R. APP.P. 133(b). We remand this cause to the court of appeals for consideration of those points of error, including insufficiency points, not reached because of its holding.