withdrawal and substitution of counsel has been granted in a separate order.

It is so ORDERED.

**MEYERLAND COMPANY and William Michael Adkinson, Appellants,**

v.

**CONTINENTAL SAVINGS ASSOCIATION, Appellee.**

No. 01–87–00730–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1992.

**RIVER CONSULTING, INC., Appellant,**

v.

**Gerald SULLIVAN, John L. Sullivan, and Sullivan Enterprises, Inc., Appellees.**

No. 01–90–00990–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 22, 1992.

Rehearing Denied April 1, 1993.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

Thomas W. McQuage, Galveston, for appellant.

Chris Cahill, Galveston, for appellees.

Before MIRABAL, O'CONNOR and PRICE[1], JJ.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of the defendants.

On March 16, 1984, appellant, River Consulting, Inc. (River), filed suit against appellees, Sullivan Enterprises, Inc., Gerald Sullivan, and John L. Sullivan (defendants), to collect for engineering and construction supervision services provided by River.

On April 15, 1985, River filed a motion to substitute Straus Systems, Inc. (Straus), as plaintiff, stating that River had "assigned all its right and interest in this cause of action and its accounts receivable owed by [the defendants], to Straus Systems, Inc." The trial court granted the motion on April 30, 1985, substituting Straus as plaintiff. The assignment, entitled "Assignment of Accounts Receivable" reads:

> That River Consulting, Inc., a corporation, with its principal office in Parrish of Jefferson, State of Louisiana, for and in consideration of the sum of $10.00 and other valuable consideration, the receipt of which is hereby acknowledged, have assigned, and by these presents due,[sic] hereby assign unto Straus Systems, Inc. of the County of Harris and the State of Texas, all right and interest in and to any and all accounts receivable owed to River Consulting, Inc. by Sullivan Enterprises, Inc., Gerald Sullivan and/or John L. Sullivan.
>
> Executed this 27th day of February, 1985.

The motion to substitute Straus as plaintiff reads:

> Comes now [River], Plaintiff, and advises the Court that it has assigned *all its rights and interest in this cause of action and its accounts receivable* owed by Defendants to [Straus]. Attached hereto and incorporated herein for all purposes is the Assignment duly executed by the President of [River].
>
> WHEREFORE, PREMISES CONSIDERED, [River], Plaintiff, requests that this court substitute [Straus] as Plaintiff in its place, and to grant such other relief

to which Plaintiff may show itself to be justly entitled.

(Emphasis added.) The trial court's order reads:

> Came on to be heard the Motion of [River], Plaintiff, to substitute [Straus], as Plaintiff, and this Court finds that [River] has assigned *all its right and interest in this cause of action and its account receivable* allegedly owed by Defendants to [Straus], and that the Motion should be granted.
>
> It is therefore ORDERED that [Straus] be substituted as plaintiff for [River].
>
> SIGNED this 30th day of April, 1985.

(Emphasis added.)

At the time of the substitution of Straus as plaintiff, the only cause of action River had asserted against defendants was a claim for breach of contract, seeking recovery of $96,237.63 in accounts receivable, plus interest and attorneys' fees.

Approximately four years later, defendants filed a counterclaim against Straus *and* River, affirmatively seeking recovery of damages in the amount of at least $300,000 based on claims that River's work was inadequate, making it necessary to dismantle the entire system designed by River and to construct a new loading, unloading, and port facility at a cost of more than $300,000. Defendants alleged breach of contract, breach of express and implied warranties, Deceptive Trade Practices—Consumer Protection Act violations, fraud, and negligence.

River responded, pleading various affirmative defenses and filing counterclaims against defendants alleging breach of contract, fraud, negligent misrepresentation, negligence, alter ego, and a statutory claim for bad faith and harassment under the Texas Deceptive Trade Practices—Consumer Protection Act. The damages claimed by River in connection with *all* the causes of action were the same: River sought recovery for (1) the total amount of the unpaid invoices, (2) damage to its reputation as a result of defendants' failure to

pay, (3) loss of opportunity and lost profits from not being awarded the Westport project, as promised, and (4) exemplary damages, attorney's fees, pre- and post-judgment interest, and court costs. Straus filed separate, similar pleadings, setting out affirmative defenses and counterclaims against defendants.

Defendants filed a motion for partial summary judgment on May 4, 1990. One of the grounds asserted in defendants'. motion, as relevant to River,[2] was:

1) River had assigned the accounts receivable made the basis of the cause of action to Straus; therefore River no longer had any justiciable interest in the matter.

On September, 6, 1990, the trial court signed an order granting summary judgment against River. The order states, in part:

> The Court specifically finds that Plaintiff, River Consulting, Inc. ("RCI") has assigned all of its interest in the cause of action made the basis of this suit to Straus Systems, Inc. ("Straus").
> It is therefore ORDERED that [River] is barred from requesting any affirmative relief from the Defendants, and any pleadings requesting affirmative relief on behalf of [River], other than counterclaims for bad faith and harassment under the Texas Deceptive Trade Practices Act, are hereby stricken.

The summary judgment against River became final and appealable as a result of a severance. The claims between Straus and defendants remained pending.

In a single point of error, River asserts the trial court erred in granting summary judgment.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded. *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Dodson v. Kung*, 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, no writ). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

If a defendant moves for summary judgment based on an affirmative defense, the defendant's burden is to prove conclusively all the elements of the affirmative defense as a matter of law. *Montgomery*, 669 S.W.2d at 310–11. Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a motion for summary judgment filed on the basis of an affirmative defense. *Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970).

A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984,

---

**2.** Even though the partial summary judgment granted defendants relief against both River and Straus, the judgment against Straus was interlocutory, while the judgment against River was final due to a severance. Straus is not an appellant in this case.

no writ). When a trial court's order specifies the grounds relied on for its ruling, the summary judgment will be affirmed if the specified grounds are meritorious. *See Insurance Co. of North Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

In the present case, the trial court specified that the granting of summary judgment was based on the grounds that River had assigned to Straus all of its interests in the causes of action asserted against defendants, and therefore River was barred from pursuing its claims against defendants in its own right. The issue on appeal is whether the trial court correctly granted summary judgment on this specified ground. *See Security Ins. Co.*, 790 S.W.2d at 410.

 A cause of action, assigned after the filing of suit, no longer belongs to the assignor, and neither the assignor, his debtor, nor the defendant, can dispose of the cause of action or pay money due thereon to a third person, depriving the assignee of the right thereto. *Mitchell, Gartner & Thompson v. Young*, 135 S.W.2d 308, 310–11 (Tex.Civ.App.—Fort Worth 1939, writ ref'd); Tex.Prop.Code Ann. § 12.014 (Vernon 1984). An assignee may maintain in its own name any action that the assignor may have brought, and unless the assignor has retained some right or interest therein, the assignor is precluded from bringing suit. *Hallman v. Safeway Stores, Inc.*, 368 F.2d 400, 403 (5th Cir.1966).

The trial court, after considering the assignment document, the motion to substitute the assignee as plaintiff, and the trial court's order granting the motion to substitute, found that River fully transferred to Straus all rights and interests in the contract cause of action, and the accounts receivable. We conclude the trial court correctly found that River had no right or interest in a suit based upon any claim for breach of contract or failure to pay the accounts receivable, as a matter of law, and therefore River had no contract cause of action against defendants.

However, River contends that there were independent tort causes of action, separate and apart from the contractual cause of action, and the defendants failed to establish that they had no liability to River based upon those tort causes of action, specifically negligent misrepresentation, fraud, and negligence.

 Tort obligations are, in general, obligations that are independent obligations imposed by law—apart from and independent of promises made between parties. Where a defendant's conduct gives rise to liability because it breaches an agreement between the parties, the plaintiff's claim ordinarily sounds only in contract. *Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494 (Tex.1991). In determining whether the plaintiff may recover on a tort theory, if the damages sought are only loss or damage to the subject matter of the contract, the cause of action is ordinarily on the contract. *Id.; Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1983). For example, in the *Delanney* case, a claim for "lost profits" was held cognizable in contract, not in tort. *Southwestern Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 577 (Tex.1991). The nature of the injury most often determines which duty or duties are breached. *Jim Walter Homes, Inc.*, 711 S.W.2d at 618. We must look to the substance of the cause of action and not necessarily to the manner in which it is pleaded. *Id.*

 River's *negligence* claim against defendants alleges that defendants were negligent in their performance of their contractual duties because they failed to honor their commitments, failed to pay River, and failed to keep River informed of their decisions, which proximately caused River to suffer damages.

River's *negligent misrepresentation* claim alleged that defendants made false promises and supplied false information in their business transactions with River, which information and promises River justifiably relied upon. River contends defendants failed to exercise reasonable care or competence in obtaining or communicating information. The false promises and information were the representations to River

that River would be paid for work already performed and that River would be given work on the Westport project when River finished the first project. This false information induced River to enter into contracts and to believe that future work would be forthcoming.

River's claim for *fraud* alleged that defendants did not complain about the work River did until years after the job was completed. River claimed "the work was acceptable to [defendants]; they just didn't want to pay for it." River alleged it had been obvious from the start that defendants had no intention of paying River the full value of River's services and deliberately misled River to keep River on the job. River alleged defendants also held out the promise of "much future work" to induce River to stay on the Newport job and to fraudulently induce River to enter the contracts for Newport and Westport work. River claimed the representations were material facts, made to induce, and which did induce River to change its position in reliance on those representations. River alleged it relied upon the promises, performed the work, and never got paid.

River's claimed damages under all three alleged torts were the loss of the amount of the unpaid invoices, the loss of the use of this amount and its interest from the date it was due until the present, damage to River's reputation and professional standing caused by defendants' failure to pay River,[3] and the loss of opportunity and lost profits from not being awarded the Westport project, as promised.

Looking to the substance of the causes of action, we find River did not plead causes of action for a breach of a duty *independent* of the contract. *See Delanney*, 809 S.W.2d at 494. The duty to pay River arose from the agreement between River and defendants. River's damages arose from defendants' failure to pay under the contract.

We hold that the trial court correctly granted summary judgment for defendants because River's claims that were precluded sounded only in contract, as a matter of law, and River had assigned its contract claims to Straus.

We overrule River's point of error.

We affirm the judgment.

---

**3.** River acknowledges it knows of no authority that supports its claim for "harm to reputation" damages in this type of case.