

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID NELSON, INDIVIDUALLY AND D/B/A COLLECTIVE CONTRACTING, A SOLE PROPRIETORSHIP; AND E.E. HOOD & SONS, INC., | § § § § | No. 08-10-00222-CV Appeal from the 45th District Court |
| Appellants, | § | of Bexar County, Texas |
| v. | § | (TC# 2006-CI-18807) |
| VERNCO CONSTRUCTION, INC., | § | |
| Appellee. | | |

**O P I N I O N**

Appellee, Vernco Construction, Inc., filed suit against Appellants, David Nelson and E.E. Hood & Sons, Inc., alleging breach of contract, quantum meruit, unjust enrichment, quantum valebant, promissory estoppel, breach of contract, breach of duty of good faith and fair dealing, tortious interference with contract and prospective relations, conversion, breach of fiduciary duty, defalcation, constructive fraud, common law fraud, fraud by non-disclosure, fraud in the inducement, and business disparagement, and seeking damages as well as injunctive and other relief. Nelson and Hood appeal from the judgment entered in favor of Vernco.[1]

---

[1] As this case was transferred from our sister court in San Antonio, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3. A take-nothing judgment was entered in favor of defendant Collective Contracting, Inc., and Vernco non-suited other defendants.

## JURISDICTION

Appellants first challenge the trial court's denial of their motion to dismiss for lack of jurisdiction. In their motion, Nelson and Hood asserted the trial court was without subject matter jurisdiction because Vernco had assigned to Jefferson State Bank its interest in the claims asserted in the lawsuit, thus depriving Vernco of standing since it no longer owned those claims and was without a justiciable interest in the controversy.

Hood and Nelson made an offer of proof during trial of a forbearance agreement executed between the bank, Vernco, and Jack Claflin, as guarantor, as evidence on the jurisdictional issue.[2] The agreement was "entered into as of September 1st, 2006 (the 'Effective Date')" and was executed on February 13, 2007, by Claflin, individually and as President of Vernco, and by Nelson Finch as authorized agent of Jefferson State Bank.

In paragraphs A-E of its recitals, the forbearance agreement states that all of the promissory notes specified therein have matured or the bank has accelerated their maturity due to Vernco's and Claflin's default, and that Vernco and Claflin owe the bank sums thereon as secured by the bank's first priority security interest in all of Vernco's assets. Those assets are perfected, in part, under the UCC financing statements filed with the Secretary of State and, with the consent of Vernco and Claflin, by the bank's taking ownership, possession, custody, and control of Vernco's receivables and proceeds therefrom. Paragraph F of the recitals affirmatively states:

> One of the receivables that [the bank] now owns is a claim against EE Hood & Sons, Inc., David Nelson and other parties filed on or about December 14, 2006 and styled and numbered as "Vernco Construction, Inc. v. David Nelson, et al."; Cause No. 2006-CI-18807 and pending in the 225th Judicial District Court of Bexar

---

[2] During a pretrial summary judgment hearing, Nelson also raised the standing and jurisdictional challenges, asserted that the litigation is owned by the bank as reflected in the forbearance agreement, and explained the numerous issues on which the forbearance agreement was both relevant and admissible.

County, Texas (the "Litigation"). [Vernco and Claflin] have requested that, in consideration for [their] assistance to [the bank] in collecting the sums that are subject to the Litigation, they be compensated for such assistance in the event of a recovery and upon the terms and conditions set forth herein.

This recital is also incorporated into the "Agreement" portion of the forbearance agreement.

Paragraph 3 of the "Agreement" states that the bank, "pursuant to applicable law, is the owner of all of [Vernco's] receivables (and proceeds therefrom), including, but not limited to, the receivables and claims (including commercial tort claims) identified in the Litigation." Vernco and Claflin then acknowledge thereunder "that [the bank] has not accepted and taken ownership of such receivables and claims in full satisfaction of its claims against [them], the remaining balance of such claims being set forth" in the forbearance agreement. In exchange for Vernco's and Claflin's compliance with the terms of the agreement, the agreement provides that the bank will forbear the exercise of any other rights or remedies then existing by virtue of Vernco's failure to pay its obligations upon the maturity of the promissory notes until October 31, 2007, "or the final disposition of the Litigation, whichever is later."

Paragraph 6 of the forbearance agreement provides for the payment of attorney fees and prosecution of the litigation and the division of proceeds. Succinctly stated, while paragraph 6 designates Vernco to receive reimbursement of certain legal fees it may pay toward the litigation, the proceeds of the litigation are to be split between the bank and Claflin. Indeed, Paragraph 6(c) also provides that although the bank may release Vernco and Claflin from their obligations after it receives all of the funds to which it is entitled from the litigation, "the release shall not be construed to release [the bank's] rights to the Litigation proceeds . . . and . . . shall not modify or alter the parties' agreement . . . relating to the division of the proceeds, if any, collected from the Litigation."

3

During the offer of proof, Claflin was asked whether he recognized that the forbearance agreement recites that the lawsuit is owned by the bank, counsel for Claflin and Vernco objected and acknowledged that this was a bill proceeding but expressed concern that Claflin did not have before him as a reference a supplement to the forbearance agreement. Vernco did not present the supplement at trial before the jury or as an offer of proof to the trial court. Claflin then stated that he did not believe that the agreement states that the lawsuit is owned by the bank but agreed that, "The Forbearance Agreement says what the Forbearance Agreement says."

Hood argued that because the agreement recites that the bank owns and is funding the litigation and has been involved in the litigation with Claflin from the beginning, the document "would go to ownership and . . . to why Mr. Claflin has been doing what he's doing, and that is bias." Nelson and Hood asked the trial court to admit the forbearance agreement into evidence before the jury. Vernco countered that even if the bank technically owned the lawsuit, it could proceed in the name of Vernco.[3] The trial court "denied the bill," and thereafter, in its written order, denied the motion to dismiss and found Vernco had standing and the trial court had subject matter jurisdiction.

*Standard of Review*

Subject matter jurisdiction is a question of law that we review *de novo*. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Unauthorized Practice of Law Committee v. Nationwide Mut. Ins. Co.*, 155 S.W.3d 590, 595 (Tex.App. – San Antonio 2004, pet. denied). When determining jurisdiction, a court is not restricted to consideration of the pleadings "but may consider evidence and must do so when necessary to resolve the jurisdictional

---

[3] Vernco's counsel noted that a supplement to the agreement existed and requested under the rule of optional completeness that it be produced . However, no party tendered the document for inclusion with the bill at the hearing.

issues raised." *Bland Ind. School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). We review the entire record for evidence supporting subject matter jurisdiction, construing the pleadings in the plaintiff's favor and considering the plaintiff's intent. *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Stein v. Killough*, 53 S.W.3d 36, 40 (Tex.App. – San Antonio 2001, no pet.).

*Analysis*

For subject matter jurisdiction to exist, the party bringing suit must have standing, a live controversy must exist between the parties, and the case must be justiciable. *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994), *citing Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-46 (Tex. 1993). A cause of action may not be maintained unless a plaintiff has standing to litigate the matters that are the basis of the lawsuit. *Stein*, 53 S.W.3d at 40. Standing limits subject matter jurisdiction to those cases involving a distinct injury to the plaintiff and a real controversy between parties that will actually be determined by the judicial declaration sought. *Tex. Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 517-18 (Tex. 1995). Standing is a component of subject matter jurisdiction, cannot be waived, and may be raised for the first time on appeal. *Tex. Ass'n of Business*, 852 S.W.2d at 445; *Martinez v. Estrada*, 392 S.W.3d 261, 263 (Tex.App. – San Antonio 2012, pet. filed). To be justiciable, a real and substantial controversy involving a genuine conflict of tangible interests must exist. *See City of El Paso v. Arditti*, 378 S.W.3d 661, 665 (Tex.App. – El Paso 2012, no pet.).

An assignor loses all control over a chose after making a valid assignment thereof and "can do nothing to defeat the rights of the assignee." *Johnson v. Structured Asset Services, LLC*, 148 S.W.3d 711, 722 (Tex.App. – Dallas 2004, no pet.). When an assignor of a cause of action has not

5

retained some right or interest in the cause of action, the assignor is barred from bringing suit. *See River Consulting, Inc. v. Sullivan*, 848 S.W.2d 165, 169 (Tex.App. – Houston [1st Dist.] 1992, writ denied) ("An assignee may maintain in its own name any action that the assignor may have brought, and unless the assignor has retained some right or interest therein, the assignor is precluded from bringing suit."), *disapproved on other grounds by Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998); *Commercial Structures and Interiors, Inc. v. Liberty Education Ministries, Inc.*, 192 S.W.3d 827, 830 n.4 (Tex.App. – Fort Worth 2006, no pet.). A cause of action which is assigned after the filing of suit, no longer belongs to the assignor. *See River Consulting, Inc.*, 848 S.W.2d at 169; *see also Duke v. Brookshire Grocery Co.*, 568 S.W.2d 470, 472 (Tex. Civ. App. – Texarkana 1978, no writ) (where owner assigns all interest in a cause of action, parting with both legal and equitable title, he cannot bring suit, except in a representative capacity and with authority for the owner of the claim, as the assignor no longer owns any part of the claim and lacks the justiciable interest that is necessary to maintain any action).

When we conclude that contract language can be given a certain or definite meaning, the language is not ambiguous and we interpret the contract as a matter of law. *Commercial Structures and Interiors, Inc.*, 192 S.W.3d at 832. In construing an unambiguous contract, we attempt to harmonize and give effect to all provisions so that none is rendered meaningless. *MCI Telecommunications Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999). We do not consider extrinsic evidence of the parties' intentions or the contract's meaning if the contract is not ambiguous. *See Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995).

Nelson and Hood each assert that ownership of Vernco's claims in the litigation was

6

conferred to the bank by both the forbearance agreement and the provisions of Article 9 of the Texas Business and Commerce Code. Section 9.620 of the Uniform Commercial Code provides in part that a secured party may accept collateral in partial satisfaction of the obligation it secures if the debtor consents to such acceptance in a record authenticated after default. TEX. BUS. & COM. CODE ANN.§ 9.620(a)(1), (c)(1) (West 2011). The forbearance agreement, which was executed after default, expressly states that Vernco's claims against Hood and Nelson had been assigned to the bank in partial satisfaction of the indebtedness and that Vernco and Claflin acknowledged that the bank is the owner of the receivables and claims, including commercial tort claims, identified in the litigation, and that the bank had not accepted them by taking ownership of those receivables and claims in full satisfaction of its claims against Vernco and Claflin. Section 9.622(a) dictates that a secured party's acceptance of collateral in full or partial satisfaction of the obligation it secures discharges the obligation to the extent consented to by the debtor, transfers to the secured party all of a debtor's rights in the collateral, discharges the security interest that is the subject of the debtor's consent and any subordinate security interest or other subordinate lien, and terminates any other subordinate interest. TEX. BUS. & COM. CODE ANN.§ 9.622(a) (West 2011). Section 9.623 provides that a debtor may redeem the collateral at any time before the secured party has accepted the collateral in full or partial satisfaction of the obligation it secures under Section 9.622 or has collected collateral under Section 9.607. TEX. BUS. & COM. CODE ANN. § 9.607 (Collection and Enforcement by Secured Party), § 9.623(c)(1), (3) (West 2011).

Nelson and Hood reurge on appeal their assertion that Vernco is without standing to pursue its claims against them because, after executing the forbearance agreement, Vernco has no rights and no justiciable interest in those claims. Nelson also argues that Vernco has no rights under the

7

forbearance agreement and that the supplement to the forbearance agreement to which Vernco referred below fails to reassign the lawsuit back to Vernco or Claflin. Consequently, they contend the trial court was without jurisdiction to consider the claims below and that the appeal should also be dismissed for lack of jurisdiction. We agree.

Vernco notes that our task in construing the forbearance agreement is to determine the parties' objective intent as expressed therein. *See Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983); *Quick v. Plastic Solutions of Texas, Inc.*, 270 S.W.3d 173, 182-83 (Tex.App. – El Paso 2008, no pet.). To do this, we examine and consider the entire instrument in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *Coker,* 650 S.W.2d at 393; *Quick*, 270 S.W.3d at 182-83. No single contract provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Coker,* 650 S.W.2d at 393; *Quick*, 270 S.W.3d at 182-83. The language in a contract should be given its plain grammatical meaning unless to do so would defeat the parties' intent. *DeWitt County Elec. Co-op. v. Parks,* 1 S.W.3d 96, 101 (Tex. 1999); *Quick*, 270 S.W.3d at 182-83.

Our examination of the forbearance agreement reveals that it was the parties' objective intent that the bank own Vernco's receivables, including this litigation and the prosecution thereof, as well as proceeds therefrom in exchange for the bank's forbearance of foreclosure on Vernco's defaulted promissory notes. The language in the forbearance agreement expressly and unambiguously identifies the bank as owner of the litigation in this suit against Hood and Nelson, and that Vernco and Claflin are to be compensated for their "assistance to [the bank] in collecting the sums that are subject to the litigation . . . ." Under the clear terms of the forbearance agreement, Vernco is only entitled to reimbursement for the sums it advances in support of the

8

litigation. There is no provision in the forbearance agreement that Vernco recover any proceeds from the litigation. The bank and Claflin alone are to share in any proceeds recovered from the litigation. The forbearance agreement also specifies that any escrowed amounts that Vernco may receive are to be delivered within one business day to the bank.

The forbearance agreement does not show that Vernco retained any interest in the litigation. As such, there is no real controversy between Vernco, Hood, and Nelson that will actually be determined by the judicial declaration sought as the bank, not Vernco, owns the claims against Hood and Nelson. *See Tex. Workers' Compensation Comm'n*, 893 S.W.2d at 517-18.

Vernco assigned all of its interests in the causes of action to the bank, parting with both legal and equitable title and lacks the justiciable interest that is necessary to maintain an action. Moreover, under Sections 9.622, 9.623, and 9.607 of the Texas Business and Commerce Code, Vernco, as debtor, lost all right to redeem the collateral as well as all ownership of the claims asserted in the litigation. TEX. BUS. & COM. CODE ANN. §§ 9.607, 9.622, 9.623(a), (c)(1), (3) (West 2011).

Vernco cannot bring suit except in a representative capacity with authority from the bank, the owner of the claims. Nothing in the record or in the pleadings indicates that the bank authorized Vernco to pursue the claim against Hood and Nelson on its behalf. *See River Consulting, Inc.*, 848 S.W.2d at 169; *Duke*, 568 S.W.2d at 472. There is nothing before the court to indicate that Vernco was acting in any type of representative capacity on behalf of the bank, the owner of the causes of action and litigation. As the bank is the owner of the litigation, Vernco has no standing and the trial court and this Court have no subject matter jurisdiction. Issue One is sustained.

9

We need not address Vernco's arguments regarding the supplement to the forbearance agreement. As Vernco did not make an offer of proof of the supplement to the trial court and the supplement was not admitted into evidence but is merely appended to Vernco's brief, it was not before the trial court and is not before this Court. Hood and Nelson have filed a joint motion to strike the supplement from Vernco's brief. The supplement is not a part of the record on appeal and citing a brief's appendix is not a substitute for citing to the record. TEX. R. APP. P. 38.1; *see Jackson v. Citibank (South Dakota), N.A.*, 345 S.W.3d 214, 214 (Tex.App. – Dallas 2011, no pet.) (citation to appendix of brief is not a substitute for citation to the record). Hood and Nelson's motion to strike the addendum from the brief is granted.

## CONCLUSION

The trial court's judgment is vacated and the case is dismissed.

GUADALUPE RIVERA, Justice

July 10, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating