ACCEPTED
01-15-00433-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 10:21:11 AM
CHRISTOPHER PRINE
CLERK

# CASE NO. 01–15–00433–CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 10:21:11 AM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS, HOUSTON, TEXAS

### IN RE LORIE A. PFEIL AND PFEIL FITNESS, INC., *Relators*

**Original Proceeding from the
County Court at Law Number Three, Harris County, Texas
Trial Court Cause Number 791725**

### MOTION TO STAY POST–JUDGMENT DISCOVERY

**LEYH, PAYNE & MALLIA, PLLC**
Sean M. Reagan
Texas Bar No. 24046689
sreagan@lpmfirm.com
9545 Katy Freeway, Suite 200
Houston, Texas 77024
(713) 785-0881
(713) 784-0338 (Fax)

*Counsel for Relators, Lorie A. Pfeil and Pfeil Fitness, Inc.*

**TO THE HONORABLE FIRST COURT OF APPEALS:**

Lorie A. Pfeil and Pfeil Fitness, Inc. move to stay any post–judgment discovery that real–party–in–interest Carlyle/FR Houston Investors, L.P. is attempting to conduct or will attempt to conduct in Cause No. 791725. Carlyle/FR Houston Investors has propounded written post–judgment discovery on both Pfeil and Pfeil Fitness which are due this month (May 13 and May 20), and obtained an order compelling Pfeil to appear for a deposition by May 13. But Carlyle/FR Houston Investors has no right or authority to conduct such post–judgment discovery because (1) it claims to have assigned away all of its interest in the judgment at issue and (2) it hasn't existed as a legal entity for more than five years.

## A. Background

Carlyle/FR Houston Investors obtained a judgment against Pfeil Fitness and Lorie Pfeil in February 2006. (MR 2). On April 13, 2015, Carlyle/FR Houston Investors propounded post–judgment discovery requests on Pfeil and noticed her deposition, along with a subpoena duces tecum. (MR 3, 4, 5). A week later, Carlyle/FR Houston Investors propounded post–judgment discovery upon Pfeil Fitness. (MR 6). Pfeil timely quashed the deposition. (MR 7). Carlyle/FR Houston Investors responded by filing a motion to compel and a motion for sanctions. (MR 8). Pfeil replied by filing a

supplemental motion to quash and response to the motion to compel asserting that Carlyle/FR Houston Investors had no right to conduct any discovery because it had not existed since 2009. (MR 9).

The parties attended a hearing on the motions on April 29, 2015. At the hearing, Carlyle/FR Houston Investors' counsel did not dispute that his client's legal existence terminated in 2009. Rather, he produced a purported assignment in which Carlyle/FR Houston Investors allegedly assigned "all of its right, title, and interest" in its judgment against Pfeil to a third party. (MR 10). Carlyle/FR Houston Investors' counsel curiously claimed that the assignment—which assigned away any interest his client may have had in the judgment at issue—gave his client the right to conduct post–judgment discovery. (*See* MR 11). The trial court agreed with Carlyle/FR Houston Investors and stated that it was entitled to hire someone to collect its judgment even though it didn't exist.

So, despite the undisputed facts that (1) Carlyle/FR Houston Investors purportedly assigned all of its interest in judgment, and (2) Carlyle/FR Houston Investors hadn't existed as a legal entity since 2009, the trial court granted Carlyle/FR Houston Investors' motion to compel and ordered Pfeil to appear for a deposition within 14 days of the court's order. (MR 1).

**B. Relators are entitled to a stay of all post–judgment proceedings so that the Court can decide the petition for writ of mandamus.**

Texas Rule of Appellate Procedure 52.10 allows this Court to stay "any underlying proceeding" pending this Court's action on a mandamus petition. Relators ask this Court to stay the arbitration proceedings while it considers their mandamus petition.

Carlyle/FR Houston Investors claims that it "assign[ed] all of its right, title, and interest" in the judgment at issue to a third party. (MR 10, 11). Because Carlyle/FR Houston Investors claims to have assigned all of its interest in the judgment at issue, it has no right to conduct post–judgment discovery. *Arthur v. Driver,* 127 S.W. 891, 891 (Tex. Civ. App. 1910) ("the owner of the judgment has exclusive control over its collection."). Rather, the purported assignee, as the current owner of the judgment, has the "exclusive control" and "dominion" over the collection of the judgment at issue. *Id.; see also, River Consulting, Inc. v. Sullivan,* 848 S.W.2d 165, 169 (Tex. App.— Houston [1st Dist.] 1992, writ denied) (assignor who fully transferred all rights and interests in causes of action had no right or interest in a suit that sought to recover on the causes of action assigned); *see also, Gulf Ins. Co. v. Burns Motors, Inc.,* 22 S.W.3d 417, 420 (Tex. 2000) (an assignee stands in the shoes of the assignor and may assert those rights that the assignor could

4

assert); *Jackson v. Thweatt,* 883 S.W.2d 171, 175 (Tex. 1994) ("[A]n assignee receives the full rights of the assignor *** .").

Additionally, Carlyle/FR Investors hasn't existed as a legal entity since 2009. Thus, it has no authority to conduct post–judgment discovery. *See* TEX. BUS. ORG. CODE § 11.356(a) (terminated entity continues to exist for three years after termination so it can prosecute a claim).

Thus, rather than having Relators respond to post–judgment discovery—including appearing for a deposition—from a defunct entity that claims to have assigned all of its interest in the very judgment it now seeks to enforce, the Court should issue a stay. A stay would prevent Relators from incurring unnecessary fees and costs and from wasting valuable time and resources in what amounts to an exercise in futility.

## C.    Prayer

FOR THESE REASONS, Relators requests that the Court grant their motion to stay and stay all post–judgment discovery in the underlying proceeding while the Court considers their mandamus petition.

**{Signature on next page}**

5

Respectfully submitted,

LEYH, PAYNE & MALLIA, PLLC


By: */s/ Sean M. Reagan*
    Sean M. Reagan
    sreagan@lpmfirm.com
    Texas Bar No. 24046689
    9545 Katy Freeway, Suite 200
    Houston, Texas 77024
    Telephone: 713-785-0881
    Facsimile: 713-784-0884

**ATTORNEY FOR RELATORS**


## Certificate of Service

I certify that a true and correct copy of this document has been served under the Texas Rules of Civil Procedure to all interested parties of record on this the 12th day of May 2015:

Richard T. Howell, Jr.            *Via Email and facsimile*
Buckley, Mathews, White & Howell, LLP
2401 Fountainview, Suite 1000
Houston, Texas 77057


Honorable Linda Storey            *Via U.S. Mail*
County Court at Law Number Three
of Harris County, Texas
201 Caroline, 5th Floor
Houston, Texas 77002


    */s/ Sean M. Reagan*
    Sean M. Reagan

## Certificate of Conference

I conferred with counsel for Carlyle/FR Houston Investors, LP regarding whether his client is opposed to this motion to stay. Carlyle/FR Houston Investors is opposed.

/s/ Sean M. Reagan
Sean M. Reagan