**Motion for Rehearing Denied; Motion for En Banc Reconsideration Denied as Moot; Reversed and Remanded and Substitute Opinion filed September 21, 2017.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-15-01088-CV

---

**VERTICAL NORTH AMERICA, INC. N/K/A RAIZEN NORTH AMERICA, INC., Appellant**

**V.**

**VOPAK TERMINAL DEER PARK, INC., Appellee**

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2012-33666**

---

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We issued our opinion in this case on May 23, 2017. Thereafter, appellee Vopak Terminal Deer Park, Inc. ("Vopak") filed a motion for rehearing and motion for en banc reconsideration. Appellant Vertical North America, Inc., n/k/a Raizen North American, Inc. ("Vertical NA") filed a response. We withdraw our previous

opinion, vacate our previous judgment, and issue this substitute opinion and judgment. We deny Vopak's motion for rehearing and deny as moot Vopak's motion for en banc reconsideration.

Vertical NA brings this appeal from an order in favor of Vopak dismissing Vertical NA's suit for want of jurisdiction. We reverse and remand.

Vertical NA, a Houston-based ethanol trader and distributor, entered into a series of contracts with Vopak, a terminaling company that provides bulk tank storage service. At the time those agreements were signed, Vertical NA was a corporate subsidiary of Vertical UK LLP. On August 25, 2011, Vertical UK entered into a Purchase and Sale Agreement ("PSA"), selling all shares of Vertical NA to Raizen Trading LLP. Vertical NA filed suit against Vopak in June 2012 for breach of contract and fraud. In July 2015, Vopak moved to dismiss the suit on the basis Vertical NA lacked standing "because it does not own the claims it is asserting." The trial court granted Vopak's motion and dismissed the suit for want of jurisdiction.

In its first issue, Vertical NA contends the trial court erred in concluding it lacked standing. In the trial court, Vopak asserted Vertical NA lacked standing to assert its claims because after execution of the PSA those claims were owned by Vertical UK. Vertical NA countered that Vopak's complaint was one of capacity rather than standing. In the hearing on Vopak's motion to dismiss, Vertical NA again urged this argument, stating "there is a very serious issue as to whether this is a question of standing or a question of capacity. . . . It's an issue of capacity. And they've long since waived their right to raise an issue of capacity." In its brief, Vertical NA notes that if the issue were treated as a question of capacity, rather than standing, the trial court's judgment must be vacated because Vopak did not file a verified answer challenging Vertical NA's capacity to bring this suit. *See* Tex. R. Civ. P. 93.

A plaintiff must have both standing and capacity to bring a lawsuit. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Lovato,* 171 S.W.3d at 848–49 (quoting *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996) (emphasis in the original)). A plaintiff may have capacity even if it has no legally cognizable interest in the outcome of the case. *AVCO Corp., Textron Lycoming Reciprocating Engine Div. of AVCO Corp. v. Interstate Sw., Ltd.*, 251 S.W.3d 632, 649 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

A challenge to who owns a claim raises the issue of capacity, not standing, and requires compliance with Rule 93, including the requirement to file a verified pleading. Tex. R. Civ. P. 93(1); *Pledger v. Schoellkopf,* 762 S.W.2d 145, 145–46 (Tex. 1988) (concluding contention that corporation rather than plaintiff shareholder owned fraud and tortious interference claims challenged capacity to sue and was waived); *Town Ctr. Mall, L.P. v. Dyer*, No. 02-14-00268-CV, 2015 WL 5770583, *3 (Tex. App.—Fort Worth Oct. 1, 2015, pet. denied) (mem. op.) ("[a] challenge to who owns a claim raises the issue of capacity, not standing."); *Rhey v. Redic*, 408 S.W.3d 440, 456 (Tex. App.—El Paso 2013, no pet.); *Dakil v. Lege*, 408 S.W.3d 9, 11 (Tex. App.—El Paso 2012, no pet.); *Haase v. GIM Res., Inc.*, No. 01-09-00696-CV, 2010 WL 3294247, *3 (Tex. App.—Houston [1st Dist.] Aug. 19, 2010, no pet.) (mem. op.); *Prostok v. Browning*, 112 S.W.3d 876, 921 (Tex. App.—Dallas 2003), *aff'd in part, rev'd in part on other grounds*, 165 S.W.3d 336 (Tex. 2005); *Southwest Indus. Inv. Co. v. Berkeley House Inv'rs,* 695 S.W.2d 615, 617 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) (appellant waived issue of whether plaintiff owned the asserted contract claim by failing to comply with Rule 93). In *Pledger*, the plaintiff

was an individual shareholder who sued other shareholders of the same company. *Pledger*, 762 S.W.2d at 145. The defendants contended the claims belonged to the company, not to the individual plaintiff. *Id*. at 145–46. Although the Supreme Court did not decide who owned the claims, it nonetheless held that the defendant's argument was foreclosed by their failure to comply with Texas Rule of Civil Procedure 93(2). *Id*. at 146. Like the defendants in *Pledger*, Vopak is contending that Vertical NA cannot assert claims that allegedly belong to someone else.

Although standing can never be waived, the issue of capacity to sue is waived both at trial and on appeal if it is not challenged by a verified pleading. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex. 1993); *see also Nootsie,* 925 S.W.2d at 662. "The Texas Rules of Civil Procedure require that a defendant challenging a plaintiff's capacity to sue raise the matter by verified pleading, if lack of capacity is not evident from the petition." *Intracare Hosp. N. v. Campbell,* 222 S.W.3d 790, 793 n. 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); Tex. R. Civ. P. 93. The defendant bears the burden to challenge a plaintiff's capacity to sue. *Lovato,* 171 S.W.3d at 853 n. 7; *Intracare Hosp. N.,* 222 S.W.3d at 793 n. 2.

Vertical NA's lack of capacity, if any, is not evident from its first amended petition. The record does not reflect, and Vopak does not assert, that it satisfied the requirements of Rule 93. Accordingly, we do not address that issue on its merits. *See Fitness Evolution, L.P. v. Headhunter Fitness, L.L.C.,* No. 05-13-00506-CV, 2015 WL 6750047, at *1, 18 (Tex. App.—Dallas Nov. 4, 2015, no pet.) (mem. op.).

Vopak's sole challenge to Vertical NA's standing was its lack of ownership of the claims brought. Because Vopak's ownership argument goes to capacity, not standing, it does not raise a question of subject matter jurisdiction. *See Prostok*, 112 S.W.3d at 921.

Ultimately, whether Vopak's argument that the claims are owned by Vertical UK presents an issue of capacity or standing is not outcome determinative because we conclude that Vertical NA retains a sufficient interest in the suit to confer standing. Because standing is a component of subject matter jurisdiction and may be raised at any time, we address the question of Vertical NA's standing. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 443. The question of standing centers on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome. *Lovato*, 171 S.W.3d at 848. The standing doctrine in Texas requires a real controversy between the parties that will be actually determined by the judicial declaration sought. *Nootsie*, 925 S.W.2d at 662 (citing *Tex. Ass'n of Bus.* 852 S.W.2d at 443–44). A plaintiff has standing when it is personally aggrieved, *Lovato*, 171 S.W.3d at 848, or has a personal stake in the controversy. *Nootsie*, 925 S.W.2d at 661.

To determine Vertical NA's standing, and hence the trial court's jurisdiction, we consider the facts alleged in the petition and any evidence submitted to the trial court which is pertinent to the jurisdictional issue. *See Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). Vertical NA's pleadings claim that it was the party injured by Vopak's alleged breach of contract and fraud because it entered into a contractual relationship with Vopak in reliance upon Vopak's alleged misrepresentations. Vopak has not disputed that it entered into contracts with Vertical NA. As the personally aggrieved party, Vertical NA has standing to assert the claims against Vopak unless the record shows that it is completely divested of any justiciable interest. *See Lovato*, 171 S.W.3d at 848; *see generally River Consulting, Inc. v. Sullivan*, 848 S.W.2d 165, 169 (Tex. App.— Houston [1st Dist.] 1992, writ denied) ("An assignee may maintain in its own name any action that the assignor may have brought, and unless the assignor has retained

some right or interest therein, the assignor is precluded from bringing suit."), *disapproved on other grounds by Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998).

According to Vopak, Vertical NA is divested of any justiciable interest in the claims because, by operation of the PSA, Vertical NA no longer "owns" the claims it asserts in this suit. Vopak cites paragraph 6.6 of the PSA, which states:

> 6.6. **Vopak Claim**
>
> (a) The Parties acknowledge that the Vopak Claim is excluded from the Assets and that notwithstanding being a claim of VNA, Seller shall continue to handle litigation, including bearing any and all costs in connection therewith, and the benefit of such litigation, if any, shall revert to the benefit of Seller, provided that the Seller shall keep the Purchaser reasonably informed in relation to the Vopak Claim.
>
> (b) Purchaser shall cooperate with Seller in connection with the handling of the Vopak Claim and agrees to transfer to Seller any proceeds in connection with the Vopak Claim within ten (10) days after receipt (less any Tax suffered in connection therewith).
>
> (c) Seller shall indemnify and hold Purchaser and VNA harmless against all Losses and Expenses suffered, by either of them in connection with the Vopak Claim.

We conclude, however, that the cited paragraph of the PSA does not divest Vertical NA of all personal stake in the controversy. The PSA document transferred the shares of Vertical NA from Vertical UK (the parent entity and seller) to Raizen Trading (the buyer).[1] Accordingly, following execution of the PSA, Vertical NA retained its assets, including the present claim, and Vertical NA's shares were owned by a new parent company.

---

[1] The PSA also transferred other assets not relevant to this appeal.

Paragraph 6.6 of the PSA documents the parties' agreement regarding their respective rights and obligations following the share sale with respect to the claim against Vopak. The clause is significant both for what it enumerates and what it does not. For example, in subpart (a), the parties agreed that the Vopak claim is a "claim of [Vertical NA]." Subpart (a) also excludes the Vopak claim from the other assets transferred by the PSA. Notably, neither paragraph 6.6 nor any other document in the record contains language assigning Vertical NA's claim against Vopak to Vertical UK or anyone else.[2] The PSA specifically contemplates assignments of other contracts, but there is no document in our record demonstrating that Vertical NA's claim against Vopak was assigned. Paragraph 6.6 does not establish that Vertical NA has lost all control to the extent that it can do nothing to defeat the rights of Vertical UK. *See Univ. of Tex. Med. Branch at Galveston v. Allan*, 777 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1989, no writ). To the extent it constitutes a transfer of the Vopak claim in any respect, it is not a transfer of Vertical NA's *whole* interest but contemplates several qualifications, such as imposing duties of cooperation and indemnity. Even in an instance of assignment, the assignor may still bring suit if it "has retained some right or interest" in the claim. *See River Consulting*, 848 S.W.2d at 169.

Vopak construes paragraph 6.6 as though the claims against Vopak were "transferred to or kept by Vertical UK" such that Vertical NA no longer has a

---

[2] An assignment generally means the transfer or setting over of property, or some right or interest. *Coffey v. Singer Asset Fin. Co.*, 223 S.W.3d 559, 570 (Tex. App.—Dallas 2007, no pet.). In an absolute assignment, the assignor loses all control over the property assigned and can do nothing to defeat the rights of the assignee. *Id.*; *Univ. of Tex. Med. Branch at Galveston v. Allan*, 777 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1989, no writ). It is the act by which one person transfers to another or causes to vest in another, his right or property or an interest therein, and unless it is qualified in some way, it is a transfer of one's *whole* interest. *Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc.*, 938 S.W.2d 102, 111–12 (Tex. App.—Houston [14th Dist.] 1996, no writ) (emphasis in original).

justiciable or cognizable interest in the suit, but we do not agree that is an accurate reading of the clause. As discussed, it does not transfer the claim to Vertical UK. Instead, subpart (a) provides Vertical UK will "handle" the litigation, bear its costs, and receive its benefits. However, as mentioned, Vertical UK's receipt of benefits resulting from the Vopak claim is conditioned upon Vertical UK keeping Raizen Trading LLP "reasonably informed in relation to the Vopak Claim." If that condition does not occur or is breached, then a dispute may arise as to whether the benefit of this litigation, if any, in fact reverts to Vertical UK.

Subpart (c) obliges Vertical UK to indemnify Raizen Trading and Vertical NA against losses or expenses incurred as a result of the Vopak claim. It therefore contemplates Raizen Trading's and Vertical NA's participation and cooperation[3] in the litigation of that claim. As a beneficiary of an indemnity obligation, Vertical NA has a justiciable interest in determining its validity and effect, *see AVCO Corp.*, 251 S.W.3d at 652, and consequently a justiciable interest in pursuing the claims against Vopak.[4]

Taken as a whole, paragraph 6.6 of the PSA does not fully divest Vertical NA of its entire interest in the Vopak claim. *See River Consulting*, 848 S.W.2d at 169; *Allan*, 777 S.W.2d at 453. The reversion of benefits to Vertical UK is qualified, rather than unconditional, upon Raizen Trading and Vertical NA's "cooperation" with the Vopak claim. Raizen Trading and Vertical NA may fund the litigation and obtain a judgment in, or against, their favor. Thus Vertical NA is not "cut out" of the

---

[3] Subpart (b) requires Raizen Trading, Vertical NA's new parent entity, to cooperate with Vertical UK and transfer to Vertical UK any proceeds from the Vopak claim. Subpart (b) expressly contemplates the proceeds from the Vopak claim being first paid to someone other than Vertical UK.

[4] Vertical NA would have the right to enforce the indemnity provision even if it was not a party to the agreement itself. *See McCalla v. Ski River Dev., Inc.*, 239 S.W.3d 374, 380 (Tex. App.—Waco 2007, no pet.).

Vopak claim. Paragraph 6.6 is distinguishable from an assignment clause that operates to deprive a party of standing. *See River Consulting*, 848 S.W.2d at 169; *Commercial Structures and Interiors, Inc. v. Liberty Educ. Ministries, Inc.*, 192 S.W.3d 827, 830 n. 4 (Tex. App.—Fort Worth 2006, no pet.).[5]

We do not decide who "owns" the claims against Vopak; we hold merely that Vertical NA retains sufficient justiciable interest in the claims so as to confer standing and defeat Vopak's motion to dismiss. *See Lovato*, 171 S.W.3d at 848. Accordingly, the trial court erred in dismissing Vertical NA's suit for lack of standing.

For these reasons, we sustain Vertical NA's first issue. The trial court's order is reversed and the cause remanded for further proceedings.


/s/    John Donovan
        Justice


Panel consists of Justices Jamison, Donovan, and Jewell.

---

[5] Even when an owner assigns all interest in a cause of action, he may still bring suit in a representative capacity and with authority for the owner of the claim. *See Duke v. Brookshire Grocery Co.*, 568 S.W.2d 470, 472 (Tex. Civ. App.—Texarkana 1978, no writ).

9